GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, California 92618
Telephone: (949) 753-0255
Facsimile: (949) 753-0265
Electronic Service: eservice@g3pmlaw.com

Attorney: MATTHEW M. PROUDFOOT, SBN: 155988

Attorney for Defendants FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ, an individual, | ) Case No:<br>) Judge:<br>) Courtroom: |
| Plaintiff, | ) |
| vs. | ) |
| FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, | ) **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| Defendants. | ) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford"), by its counsel GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. BCV-22-101880 of the Superior Court of California, County of Kern. In support of this removal, Ford states as follows:

///

///

1

## I.   THE REMOVED CASE

1.   The removed case is a civil action commenced in the Superior Court of California, County of Kern, Plaintiff Gloria Rodriguez against FORD, entitled *GLORIA RODRIGUEZ v. FORD MOTOR COMPANY*, Case No. BCV-22-101880 (the "State Action"). The named Defendant is FORD MOTOR COMPANY ("Ford").

2.   Plaintiff filed the State Action on July 28, 2022, asserting breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act against FORD. (*See* Complaint.)

## II.   PROCEDURAL REQUIREMENTS

3.   Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case.  28 U.S.C. § 1446(b). FORD received notice of this matter after it was served with a copy of the Complaint on August 2, 2022. (*See CT Corporation service of process transmittal attached to Complaint as* **Exhibit B** to the Declaration of Matthew M. Proudfoot ["Proudfoot Decl."] at ¶ 12, filed concurrently herewith).

4.   However, Section 1446(b) also provides, in relevant part: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the

2

basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." See also *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 1325-26, 143 L.Ed.2d 448 (1999).

5. Here, Plaintiff's Complaint did not allege an amount in controversy. Consequently, the case stated by the initial pleading was not removable. It was not until September 29, 2022, that Defendant was able to obtain information related to Plaintiff's the amount in controversy by way of the Retail Installment Sales Contract ("Sales Contract"), that it was able to first determine that this matter was removable to Federal Court. (See **Exhibit A** to Proudfoot Decl., at ¶¶ 5-6).

6. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since September 29, 2022 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FORD's possession are contained in **Exhibits A-F** filed herewith to the Declaration of Matthew Proudfoot.

8. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the State Action has been pending.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with

the Superior Court of California, County of Kern, promptly after filing of same in this Court.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

11. If any question arises as to the propriety of the removal of this action, FORD requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FORD's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. DIVERSITY OF CITIZENSHIP EXISTS

13. The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704

F.2d 1088, 1090 (9th Cir. 1983).)  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  (28 U.S.C. §1332(c)(1).)

14. A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." (*See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).) "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."  (*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)

15. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..."  (28 U.S.C. §1446(b)(3).)

16. A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. (*See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).) "It is assumed … that a person's current residence is also his domicile." (13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

17. Plaintiff, Gloria Rodriguez, is a resident of California. (*See* Complaint ¶ 2); *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted].

18. At the time Plaintiff's Complaint was filed, and at the time of this Notice of Removal, Defendant Ford Motor Company, is, and was a corporation organized under Delaware law with its principal place of business in Michigan. (*See* Excerpt from Ford's Form 10-K filing, **Exhibit D** to Proudfoot Decl., ¶ 14; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

19. Ford's high level officers direct, control and coordinate its operations from Dearborn, Michigan. Consequently, for purposes of diversity of citizenship, Ford Motor Company is a citizen of Michigan and Delaware, but not of California (*See* Proudfoot Decl., ¶¶ 11, 14 and 15).

20. Complete diversity existed as of the time this action was filed, as well as the date of this notice. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

21. In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court eliminated any uncertainty as to the meaning of "principal place of business;" the principal place of business is the "nerve center" where the company's high level officers direct, control and coordinate the company's activities. *See Id.* at 1184-1185.

22. Being that Plaintiff and Defendant Ford Motor Company are not citizens of the same state, removal based on diversity of citizenship is proper.

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

23. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

24. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

25. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

26. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FORD can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

27. In the case at bar, the Plaintiff seeks monetary damages and equitable relief. This is a products liability

1  case.  Plaintiff alleges breach of express and implied
2  warranties under the Song-Beverly Consumer Warranty Act
3  (Cal. Civ. Code § 1790 *et seq.*).
4     28. Plaintiff alleges that on November 22, 2020, she
5  purchased a used 2017 Lincoln MKC, and it was delivered
6  with, and later developed defects. (Compl., ¶¶ 8-10).
7  Plaintiff alleges that she presented the vehicle for
8  repairs and further alleges that said defects substantially
9  impair the use, value and/or safety of the vehicle. (Compl.
10 ¶ 22).
11    29. The purchase price of the Plaintiff's 2017 Lincoln
12 MKC was **$35,922.72** after taxes and financing. (Proudfoot
13 Decl., ¶¶ 5-6 and **Exhibit A**).
14    30. Plaintiff alleges she is entitled to relief under
15 the Song-Beverly Act including: general, special and actual
16 damages; rescission of the purchase contract and
17 restitution of all monies; for incidental and consequential
18 damages; a civil penalty in the amount of two times the
19 amount of actual damages; attorneys' fees and costs;
20 prejudgment interest; and for such other and further relief
21 as the Court deems just and proper under the circumstances.
22 (Compl., at Prayer for Relief, p. 8 at "1-7").
23    31. Based on the numbers provided in Plaintiff's
24 purchase contract, Defendant was able to ascertain the
25 amount in controversy and determine that this matter was
26 removable.
27    32. The amount in controversy calculation includes
28 civil penalties under the Song-Beverly Act. *Brady v.*

*Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorneys' fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).

33. Plaintiffs' attorneys in Song Beverly cases tried or prepared for trial regularly request more than $65,000. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8-9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees ); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Clayton v. Ford Motor Co.*, 2017 Cal. App. Unpub. LEXIS 4596, at *1-2 (July 5, 2017) (plaintiffs' attorneys sought $177,840 in fees based on 444.6 hours of work at an hourly rate of $400, *plus* a 2.0 multiplier, i.e. $355,680); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded "$185,000 in attorney fees and costs for successfully settling her claims under the Song-Beverly Consumer Warranty Act ").

34. Based on the numbers provided in Plaintiff's Purchase Contract, as well as repair orders in possession

of FCA, if Plaintiff prevails on her Song-Beverly claim, her damages would be calculated as follows:

Actual Damages:                 $ 33,482.15
Plus Civil Penalties            $ 66,964.30
                             = **$100,446.45 Potential Damages**

(Proudfoot Decl., ¶¶ 8 and 16; Cal. Civ. Code §§ 1793.2(d)(2)(B)-(C); 1794(c). *Exhibits A and F filed herewith the Declaration of Matthew M. Proudfoot*).

35. Thus, when taking into account actual damages, civil penalties and attorneys' fees, there is simply no question that the $75,000 threshold of 28 U.S.C. §1332(a) is met.

### V.   CONCLUSION

36. Consequently, the State Action may be removed to this Court by FORD in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated:   September 30, 2022         GATES, GONTER, GUY,
                                    PROUDFOOT & MUENCH, LLP

                                    By: /s/ Matthew M. Proudfoot
                                        MATTHEW M. PROUDFOOT
                                        Attorneys for Defendant FORD
                                        MOTOR COMPANY

<u>PROOF OF SERVICE – 1031(a) C.C.P.</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA 92618. My electronic service address is eservice@g3pmlaw.com.

    On **September 30, 2022**, I served the foregoing document described as **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** on the interested parties in this action as set forth on the attached service list in the following manner:

**( )**     **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

( )     **BY FACSIMILE.** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

( )     **BY PERSONAL SERVICE.** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

( )     **BY EXPRESS MAIL.** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

(XXX)     **BY ELECTRONIC MAIL.** I caused said document(s) to be served electronically to **e-service@quillarrowlaw.com; kjacobson@quillarrowlaw.com** pursuant to Civil Procedure §1010.6(a)

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **September 30, 2022**, at Irvine, California.

                                                         _____
                                                                Heidi Dufour

************************************************************************
<u>SERVICE LIST</u>

**ATTORNEY FOR PLAINTIFF**
Kevin Y. Jacobson, Esq.
QUILL & ARROW, LLP
10900 Wilshire Blvd., Ste 300
Los Angeles, CA 90024
Telephone: (310)933-4271
Facsimile: (310)889-0645

GATES, GONTER, GUY, PROUDFOOT & MUENCH LLP
38 DISCOVERY, SUITE 200
IRVINE, CA 92618
(949) 753-0255